UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MILTON CARPET CENTER, INC.,

    Plaintiff,

v.                                Case No. 3:13cv624/MCR/CJK

CINCINNATI INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the undersigned upon referral by the district judge (doc. 79) for a Report and Recommendation on Plaintiff's Motion for Entitlement to Attorney's Fees and Costs (doc. 73), defendant's response (doc. 74), and plaintiff's reply (doc. 77). Plaintiff is entitled to fees because it was required to seek and obtain a court order on the central issue of appraisal under the policy in order for the matter to ultimately proceed to resolution.

    The case stems from a fire loss plaintiff suffered on November 28, 2012. At the time of the loss, plaintiff was insured under a commercial property policy issued by defendant. In response to plaintiff's claim, defendant paid $360,090.74 for damage to the building; the policy limit was $500,000.00. Defendant tendered no payment on plaintiff's business interruption claim. Plaintiff thus invoked the appraisal process provided for under the policy. Defendant initially declined to

participate in the appraisal process based on plaintiff's alleged failure to satisfy the prerequisites to appraisal, including providing the information needed for defendant to fully assess the claim. On October 14, 2013, plaintiff's counsel advised defendant that plaintiff would be filing suit the next day. A little more than two weeks later, and before plaintiff filed suit, defendant designated its attorney, Guy E. Burnette, Jr., as its appraiser.

Plaintiff objected to defendant's appointment of Mr. Burnette based on his qualifications. Specifically, plaintiff maintained Mr. Burnette was not impartial, as required by the policy, given his relationship with defendant.[1] *See* doc. 1-1, pg. 16. Defendant refused to appoint a substitute appraiser. Plaintiff therefore filed suit on November 13, 2013 in the First Judicial Circuit of Santa Rosa County, Florida. Defendant removed the matter to this court (doc. 1) and filed a Motion to Compel Appraisal and Abate Litigation (doc. 3). Plaintiff countered with a Motion to Compel Defendant to Appoint and Designate Appraiser in Conformity with Insurance Policy (doc. 18).

On May 5, 2014, the undersigned entered an order granting plaintiff's motion to compel, finding defendant failed to comply with the terms of the policy by appointing its attorney as its appraiser. Defendant appointed a substitute appraiser, and the appraisal process commenced. The appraisal concluded on or about February 4, 2015, with an award in plaintiff's favor of an additional $298,668.80 in benefits under the policy, $155,746.00 of which was business interruption and the remainder

---

[1] According to the policy, appraisers must be "competent and impartial." As the court recognized in *Rios v. Tri-State Ins. Co.*, 714 So. 2d 547, 549 (Fla. 3d DCA 1998), "parties are free to contract to specify the credentials of party-appointed appraisers."

of which was additional property damage. Plaintiff now seeks attorneys' fees and costs pursuant to Fla. Stat. § 627.428, based on its filing of this action to compel appraisal in accordance with the terms of the policy.

Pursuant to § 627.428(1),

> [u]pon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

"The purpose behind section 627.428 is plainly to place the insured or beneficiary in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees." *Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676, 679 (Fla. 4th DCA 2005). In other words, "'Florida courts have consistently held that the purpose of section 627.428 and its predecessor is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.'" *Id.* (*quoting Clay v. Prudential Ins. Co. of Am.*, 617 So. 2d 433, 436 (Fla. 4th DCA 1993) (*quoting Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528 (Fla. 1992)). Moreover,

> "[i]n Florida, the payment of a settlement claim is the functional equivalent of a confession of judgment or a

verdict in favor of the insured. *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218-19 (Fla. 1983). Therefore, as the Eleventh Circuit recognized, in Florida an insured may recover attorneys' fees incurred in reaching a settlement. *See* [*United States v. Pepper's Steel & Alloys, Inc.*, 289 F.3d 741, 742 (11th Cir. 2002)]".

*Id.* (*quoting Pepper's Steel & Alloys, Inc. v. U.S.*, 850 So. 2d 462, 465 (Fla. 2003)).

Here, defendant timely paid the appraisal award. Nevertheless, the appraisal process could not commence as provided for under the policy until plaintiff filed suit and obtained a court order requiring defendant to retain an impartial appraiser. Considering that § 627.428(1) was intended to place the insured in the place it would have been had the insurer timely paid the claim without requiring the insured to retain counsel and incur attorneys' fees, as well as the "rule of law that [the insured] could have recovered any attorneys' fees incurred in reaching a settlement of its lawsuit, had a settlement been reached," the undersigned sees no rationale for not applying the statute to cover an award of attorneys' fees associated with the drawn out appraisal process, occasioned by defendant's refusal to appoint an impartial appraiser without court intervention. *Id.* (*citing Fewox v. McMerit Const. Co.*, 556 So.2d 419, 423-24 (Fla. 2d DCA 1989), for the proposition that "[t]he legislative policy underlying section 627.428 is served by requiring insurers to pay attorney's fees to a prevailing insured or beneficiary, regardless of whether the insurers contest coverage through arbitration or in the trial courts. To hold otherwise would be to allow insurers to avoid paying attorney's fees in contested coverage cases merely by choosing arbitration."). As the court concluded in *Meadows*, "[w]ere this court to rule otherwise, [plaintiff] would not be made whole as it would have to apply a portion of

Case No. 3:13cv624/MCR/CJK

the policy proceeds to compensate its attorneys." *Id.* at 679-80.

Accordingly, it is respectfully RECOMMENDED:

1.That Plaintiff's Motion for Entitlement to Attorney's Fees and Costs (doc. 73) be **GRANTED**.

2.That plaintiff be allowed ten (10) days from the date of the order adopting this Report and Recommendation in which to submit materials in support of its request for attorneys' fees and expenses in compliance with Local Rule 54.1.

At Pensacola, Florida, this 18th day of March, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**